UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNDA MOLLISON-SAPIER,<br><br>Petitioner,<br><br>v.<br><br>LAVELLE PARKER,<br><br>Respondent. | No.  2:25-cv-2388 DJC CSK P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 31, 2025, petitioner was ordered to show cause why this action should not be dismissed as barred by the statute of limitations.  Thirty days have now passed, and petitioner has not shown cause or otherwise responded to the Court's order.  Accordingly, as discussed below, the petition should be dismissed with prejudice because it is barred by the statute of limitations.

I.     GOVERNING STANDARDS

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Accordingly, the court reviews the petition pursuant to its authority under Rule 4.

1

## II. STATUTE OF LIMITATIONS

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

### B. Chronology[1]

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. In the Lassen County Superior Court, petitioner pled guilty to a violation of California Penal Code § 245(a)(4), assault with force likely to produce great bodily injury, and admitted she was previously convicted of a strike offense. (ECF No. 1 at 1-2, 20.) On February 21, 2023, petitioner was sentenced to "three years, doubled to six years for the prior strike." (Id. at 21.)

///

---

[1] As set forth above, the limitations period may begin running later under certain specified circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here.

2

2. On appeal, appointed counsel asked the court to review the record and determine whether there were any arguable issues on appeal, citing People v. Wende (1979) 25 Cal. 3d 436. (ECF No. 1 at 21.)  Petitioner filed a pro se supplemental brief raising four claims.  (Id.)

3. On June 6, 2024, petitioner's conviction was affirmed by the state court of appeal.  (Id. at 22.)

4. Petitioner did not file a petition for review or a petition for writ of habeas corpus in the California Supreme Court.[2]

5. On August 4, 2025, petitioner constructively filed the instant federal petition.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

C. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner appealed the conviction. (ECF No. 1 at 3, 19.)  The state appellate court affirmed the judgment on June 6, 2024.  (Id. at 19-22.)  Petitioner did not file a petition for review in the California Supreme Court.  Therefore, the judgment became final on July 16, 2024, when the forty-day deadline to file a petition for review expired.  See Cal . R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").  The limitations period begins the next day.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Thus, the one-year limitation period commenced on July 17, 2024, and, absent tolling, expired on July 17, 2025.

---

[2] Petitioner makes many references to the California Supreme Court. (ECF No. 1 at 4-8, 15-17.) At one point after referring to the California Supreme Court, petitioner claims she is "awaiting hearing." (ECF No. 1 at 8.)  But then in response to whether any petition, appeal or other post-conviction proceeding is now pending in any court, petitioner responds "No." (Id.)  Searches using all variations of petitioner's name, including "Shawndra," which was used by the state appellate court, revealed no filings in the California Supreme Court related to petitioner's 2023 conviction.  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

D. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Here, petitioner filed no state post-conviction or other collateral review petitions and therefore is not entitled to any statutory tolling. State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Thus, even if petitioner were to return to state court and file for relief in the California Supreme Court, her claims remain untimely.

E. Equitable Tolling

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows: "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight", miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). Equitable tolling is "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

The instant petition does not address equitable tolling. (ECF No. 1, passim.) But petitioner alleges no extraordinary circumstances beyond petitioner's control, fails to explain why no petition for review was filed, and fails to explain the delay between the June 6, 2024 state appellate court decision and the filing of the federal petition in August 2025. (Id.) Petitioner did not respond to the Court's order to show cause (ECF No. 7). Based on the petition, the Court finds no equitable tolling applies.

III.   EXHAUSTION OF STATE COURT REMEDIES

   A.   Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

///

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California, and finding Gatlin was required to exhaust his habeas claims in a petition for review to the California Supreme Court).

B.   Unexhausted Claims

As set forth above, none of petitioner's claims were presented to the California Supreme Court. Thus, in addition to being time-barred, all of petitioner's claims are unexhausted. Shinn v. Ramirez, 596 U.S. 366, 377 (2022) ("AEDPA requires state prisoners to exhaust the remedies available in the courts of the state before seeking federal habeas relief.") (internal quotation marks and citation omitted)). Under these circumstances, petitioner is not entitled to a stay because all of the unexhausted claims are untimely.[3] See Johnson v. Federal Court Judges, 2020 WL 2114931, at *6 (C.D. Cal. March 20, 2020) (petitioner not entitled to stay under either Rhines or Kelly if claims are time-barred); King v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly appropriate because staying the proceedings would not eliminate the untimeliness problem). As set forth above, the statute of limitations expired on July 17, 2025. Because all of petitioner's claims are unexhausted, and the limitations period has expired, this action should be dismissed as barred by the statute of limitations, with prejudice.

IV.   CONCLUSION

Because it is plain from the petition and appended exhibits that petitioner's unexhausted claims are barred by the one year statute of limitations, petitioner is not entitled to federal habeas relief.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed with prejudice because the petition is barred by the statute

---

[3] Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

1  of limitations.

2        These findings and recommendations are submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
4  after being served with these findings and recommendations, petitioner may file written
5  objections with the court.  Such a document should be captioned "Objections to Magistrate
6  Judge's Findings and Recommendations."  In the objections petitioner may address whether a
7  certificate of appealability should issue in the event he files an appeal of the judgment in this
8  case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or
9  deny a certificate of appealability when it enters a final order adverse to the applicant).  A
10 certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a
11 substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is
12 advised that failure to file objections within the specified time may waive the right to appeal the
13 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 Dated:  December 9, 2025

                                      CHI SOO KIM
                                      UNITED STATES MAGISTRATE JUDGE

18 /1/moll2388.fte.sol